IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-635-FL

| | |
|---|---|
| TIFFANY LUCAS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| VOLT WORKFORCE SOLUTIONS, INC., | ) |
| Defendant. | ) |

This matter is before the clerk on the motion for entry of default [DE-7] filed by plaintiff Tiffany Lucas. Therein, plaintiff seeks entry of default against defendant Volt Workforce Solutions, Inc.

Plaintiff initiated this action by filing a complaint [DE-1] in this court on November 7, 2024, along with proposed summons addressed to defendant addressed as follows:

Volt Workforce Solutions, Inc.
5171 Glenwood Avenue, Suite 404, Raleigh, North Carolina 27612
-And-
2401 N. Glassell Street Orange, California 92865
-And-
c/o Brandon White
2400 Meadowbrook Parkway, Duluth, GA 30096

Proposed Summons [DE-1-3], The clerk issued the summons on November 12, 2024.

On February 10, 2025, the clerk issued a notice to plaintiff stating that the docket did not reflect that service had been obtained by plaintiff on defendant within 90 days of the filing of the complaint [DE-6]. In response, plaintiff filed the instant motion for entry of default, supported by the affidavit of her counsel [DE-7-1]. Plaintiff's counsel states that "Lucas served a copy of the Complaint and Summons on Defendant Volt Workforce Solutions, Inc. . . . at its place of business

at 5171 Glenwood Avenue Suite 404, Raleigh, NC 27612 via certified mail." Aff. [DE-7-1] ¶ 2. Plaintiff's counsel also states that "Lucas received a certified return receipt for the copy of the summons and complaint on or before November 25, 2024." Id. ¶ 4.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that defendant has failed to file an answer or otherwise defend this action in this court. Plaintiff must also show, however, by affidavit or otherwise, that defendant was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

Proper service may be effected on a corporation under Rule 4(h) by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made, or by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e) & (h)(1). Under North Carolina law, a corporation may be served in one of the following ways:

2

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. §1A-1, Rule 4(j)(6). Additionally, where service is made pursuant to North Carolina Rule 4(j)(6)(c), to prove service a party must file an affidavit asserting that "a copy of the summons and complaint was deposited in the post office for mailing by . . . certified mail, return receipt requested," that the package was received "as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee," and that "the genuine receipt or other evidence of delivery is attached." N.C. Gen. Stat. § 1-75.10(a)(4); N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). Finally, service of a summons and complaint must be made by "[a]ny person who is at least 18 years old and not a party" to the case. Fed. R. Civ. P. 4(c)(2); see also N.C. Gen. Stat. § 1A-1, Rule 4(h1)(providing that service must be made by someone "who is not less than 21 years of age, who is not a party to the action, and who is not related by blood or marriage to a party to the action . . .").

Here, plaintiff has not shown proper service on defendant. The affidavit does not indicate that the certified mail was addressed to, or delivered to, an officer, director, managing agent, or registered agent of defendant. See Fed. R. Civ. P. 4(h)(1)(B) (providing for service of process on a corporation by delivering a copy of the summons and complaint to an office, managing or general

3

agent or agent authorized to service of process); N.C. Gen. Stat. §1A-1, Rule 4(j)(6)(c)(providing for service of process on a corporation by certified mail addressed to an officer, director, or managing agent or an agent authorized by appointment or law to accept service of process on behalf of the corporation). No certified receipt is attached to the affidavit. See N.C. Gen. Stat. § 1-75.10(a)(4); N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). Finally, the affidavit can be construed as stating that plaintiff personally mailed a copy of the summons and complaint to defendant. See Wen Chiann Yeh v. N. Carolina State Univ., No. 5:18-CV-397-D, 2019 WL 2385899, at *3 (E.D.N.C. June 5, 2019) (finding improper service where plaintiff personally mailed the summons and copy of the complaint to defendant).

Because plaintiff has not shown that defendant has been served with process, the motion for entry of default [DE-7] is DENIED. Accordingly, plaintiff is again notified that this action may be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure unless plaintiff can demonstrate, within 14 days of the filing date of this order, good cause to the court why service was not made upon defendant within 90 days of the filing of the complaint. Plaintiff is reminded that the failure to respond to this order within 14 days will result in the dismissal of the action without prejudice.

SO ORDERED. This the 10 day of April, 2025.

Peter A. Moore, Jr.
Clerk of Court