IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-635-FL

| | |
|---|---|
| TIFFANY LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     ORDER |
| | ) |
| VOLT WORKFORCE SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion (DE 9) for reconsideration, or in the alternative, for extension of time to serve defendant. For the following reasons, that part of the motion seeking reconsideration is denied, and that part of the motion seeking extension of time is granted.

Plaintiff has not demonstrated a basis for reconsideration of the court's April 11, 2025, order (DE 8) denying plaintiff's motion for default, where the motion and accompanying affidavit by counsel Evan G. Gungor ("Gungor") do not demonstrate service was effective. Plaintiff states that "she has deposited her complaint and summons with the post office for certified mail." (Pl's Mot. (DE 9) at 3; see Gungor Aff. (DE 9-1) ¶¶ 2, 4, 6). Service must be made, however, by someone who is "not a party." Fed. R. Civ. P. 4(c)(2); N.C. Gen. Stat. § 1A-1, Rule 4(h1).

In addition, plaintiff asserts that the mailing "was delivered at two locations that Volt regularly conducts business." (Pl's Mot. (DE 9) at 3). Gungor states that the mailing was "directed to Volt Workforce Solutions, Inc.," (Gungor Aff. (DE 9-1) ¶¶ 2, 4), and it was delivered in one instance "to Aiden Bailey as evidenced by the attached return receipt." (Id. ¶ 5). The mailing,

however, must be "<u>addressed to</u> the officer, director or agent to be served as specified" in North Carolina law. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(c) (emphasis added). The fact that the mailing was addressed to defendant, but not to "the officer, director or agent to be served," <u>id.</u>, demonstrates this requirement was not met. Thus, plaintiff has not proved service, and entry of default properly was denied.

Nevertheless, plaintiff has demonstrated good cause for an extension of the service deadline, given her diligent attempts to make service, albeit falling short of the requirements of Rule 4. Therefore, the court allows plaintiff a 60 day extension of time to serve defendant.

## CONCLUSION

Based on the foregoing, plaintiff's motion (DE 9) is GRANTED IN PART and DENIED IN PART. That part of the motion seeking reconsideration is DENIED. That part of the motion seeking an extension of the service deadline is GRANTED. The deadline for plaintiff to serve defendant is extended to July 28, 2025.

SO ORDERED, this the 27th day of May, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge

2